THE CITY OF MEDICINE LODGE v. ALBURTUS F. HORNER *et al.*

No. 249.

PRACTICE— *Revivor— Condemnation Proceedings.* When an appellant in a condemnation proceeding dies while the action is pending in the district court and the action is revived in the name of a person, such person must allege and prove that he is the proper person to maintain or defend the action.

Error from Barber district court; G. W. McKAY, judge. Opinion filed July 13, 1898. Reversed.

*G. M. Martin,* and *A. L. Noble,* for plaintiff in error.
*Chester I. Long,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J.: The city of Medicine Lodge instituted condemnation proceedings before the judge of the district court of Barber county, and procured the appraisement of certain lots in that city as the property of Frank F. Horner. Feeling aggrieved at the amount of compensation awarded, Horner filed an appeal bond. During the pendency of the action in the district court Horner died, and Alburtus F. Horner, as administrator, gave notice and procured a revivor of the action in the name of Alburtus F. Horner, as administrator of the estate of Frank F. Horner, deceased, and in the name of Catharine J. Horner, Clarence W. Horner, Alburtus F. Horner, John W. Horner, and Arthur L. Horner, as heirs at law of Frank F. Horner, deceased.

At the trial the city objected to the introduction of any testimony, "for the reason that the petition or condemnation proceedings do not state facts sufficient to entitle them to produce any testimony."

Medicine Lodge v. Horner.

At the close of the evidence for the defendant in error the city demurred to the evidence, as follows :

"The defendant demurs to the evidence of the plaintiff for the reason that the evidence is not sufficient to prove a cause of action in favor of the plaintiff and against the defendant, and because the papers show on their face that there is a defect of parties plaintiff in this action, and for the further reason that the testimony fails to show that the present plaintiffs have any legal capacity to maintain this action."

The demurrer was overruled.

The plaintiff in error contends that the action must not only be revived in the name of the successors in interest of the deceased, but that they must allege in issuable form and prove their sole right to maintain the action as such successors in interest. The defendant in error admits the legal proposition contended for, but contends that as this is a condemnation proceeding, and no petition is required to be filed by the landowner unless demanded by the adverse party, and as no such demand was made, the doctrine does not apply in this case. We conclude otherwise.

The city was entitled to a trial upon the question as to who was the successor in interest of the landowner, so that it might be determined who was entitled to maintain the action. The revival of an action seems to be a formal matter, instituted for the purpose of maintaining the necessary parties to the action, and when an action has been revived in the name of a person, such person must allege and prove that he is the proper person to maintain or defend the action. We can understand why a person whose property is sought to be taken by condemnation proceedings and who is named therein as owner need not allege that he is the owner of the property, but we cannot understand why another person or persons can claim the right to be

substituted as the successor in interest of such landowner without tendering the issue and furnishing the proof that they are the proper persons to maintain the action.

Judgment of the district court is reversed and the cause remanded for a new trial.